No. 85–123.   MUKA *v.* CARTER, CHIEF DISCIPLINARY COUNSEL, *ante*, p. 895;

No. 85–152.   THOMPSON ET AL. *v.* FIRST NATIONAL BANK & TRUST CO., *ante*, p. 895;

No. 85–159.   REMMENGA ET UX. *v.* CALIFORNIA COASTAL COMMISSION, *ante*, p. 915;

No. 85–204.   CHICAGO TRIBUNE CO. ET AL. *v.* JOHNSON, DIRECTOR, ILLINOIS DEPARTMENT OF REVENUE, ET AL., *ante*, p. 915;

No. 85–284.   HAYES *v.* CANNON ET AL., *ante*, p. 903;

No. 85–607.   BURCHE *v.* CATERPILLAR TRACTOR CO., *ante*, p. 971;

No. 85–5164.   COLLINS ET AL. *v.* ILLINOIS, *ante*, p. 935;

No. 85–5171.   WILSON *v.* LOUISIANA, *ante*, p. 911;

No. 85–5195.   GREEN *v.* SCHWARZER, U. S. DISTRICT JUDGE, *ante*, p. 921;

No. 85–5338.   COLLINS *v.* UNITED STATES, *ante*, p. 922; and

No. 85–5456.   BODINE *v.* DEPARTMENT OF TRANSPORTATION ET AL., *ante*, p. 923.   Petitions for rehearing denied.

No. 84–6962.   CAPE *v.* FRANCIS, WARDEN, *ante*, p. 911.   Motion for leave to file petition for rehearing denied.

### DECEMBER 16, 1985

No. 85–636.   NYFLOT *v.* MINNESOTA COMMISSIONER OF PUBLIC SAFETY.   Appeal from Sup. Ct. Minn. dismissed for want of substantial federal question.

JUSTICE WHITE, with whom JUSTICE STEVENS joins, dissenting.

Shortly after 1:30 o'clock on the morning of September 23, 1984, appellant Janice Nyflot was arrested for driving under the influence of alcohol.   She immediately requested that she be allowed to speak with an attorney, but this request was denied.   She was then taken to the local law enforcement center.   There, she was advised that state law required that she be tested to determine if she was under the influence of alcohol or a controlled substance and that refusal to allow such a test would result in her driver's license being revoked for a minimum of one year.   She was